CHEHARDY, J.,
dissents with reasons.
Iil respectfully dissent from the majority. In this case, the trial court did not adequately support his decision to deny Mrs. Cage’s relocation request. I do not find that the trial court actually considered each relocation factor listed in La. R.S. 9:355.12. Thus, the trial court committed prejudicial legal error that materially affected the outcome and deprived a party of substantial rights. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. Unlike the majority, I would review this matter de novo, factor by factor, based on the evidence in the record. See: Johnson v. Spurlock, 07-949 (La.App. 5 Cir. 5/27/08), 986 So.2d 724, 727-728.
Upon de novo review, I would reverse the trial court and approve the relocation. Under La. R.S. 9:355.13, the relocating parent must prove the relocation is made in good faith and is in the best interest of the child. The statute further provides that the court shall consider “the benefits which the child will derive either directly or indirectly from an enhancement in the relocating parent’s general quality of life.” The trial judge found and the majority agrees that the relocation by Mrs. Cage is in good faith. In my view, the relocation is also in the best interest of E.C. A *1142 review of the facts indicates that while E.C. now enjoys a close relationship with his father and his family, E.C.’s father did not acknowledge paternity until October 25, 2007, well after the boy’s first birthday.
|2It is clear that E.C. has lived primarily with his mother, who has been his primary caretaker, and the mothers’ current marriage has created a stable traditional household, which will benefit E.C. The economic benefit derived from the relocation will allow Mrs. Cage to stop working outside of the home and to spend more time with her son, eliminating the need for non-parental before and after school care programs. Further, Mrs. Cage would be able to personally attend to her son’s medical, physical and emotional needs on a daily basis.
While the relocation clearly diminishes Mr. Cueva’s opportunity to spend time with his son on a weekly basis, the testimony indicates that Mrs. Cage and her husband are committed to maintaining the relationship between her son and Mr. Cue-va. In my view, the testimony indicates that E.C. would derive both direct and indirect benefits from the enhancement in Mrs. Cage’s quality of life due to the relocation. Therefore, I respectfully disagree with the majority.